89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ENTERPRISE GROUP PLANNING, INC., and Ravenna Aluminum
Industries, Inc., Plaintiffs/Appellees,
v.
Joseph STEPHENS, Defendant/Appellant.
ENTERPRISE GROUP PLANNING, INC., and Cincinnati Equitable
Insurance Co., Plaintiffs/Appellees,
v.
Mitchell STOCKDALE, Defendant/Appellant.
 Nos. 95-3599, 95-3605.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1996.
 
 Before: NORRIS and DAUGHTREY, Circuit Judges, and HILLMAN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 These two ERISA cases present essentially the same issue on appeal--whether a health insurer can properly seek reimbursement from the "medical payment" benefits of an insured's automobile insurance policy, where the health insurance plan contains a subrogation clause entitling the plan to reimbursement only in the event that an insured recovers from a third party "by way of settlement or in satisfaction of any judgment." We find that such plan language does not create a subrogation right embracing "medical payment" benefits, and we therefore reverse the judgments of the two district courts.
 
 
 2
 The defendants, Joseph Stephens and Mitchell Stockdale, were injured in separate automobile accidents and received medical insurance coverage from their employer-sponsored health plans administered by the plaintiff, Enterprise Group Planning, Inc. Both Stephens and Stockdale had automobile insurance that also provided them small amounts of "medical payment" coverage to pay for short-term medical expenses, but in each case these "medical payment" benefits had to be repaid if the insured recovered damages from any third-party tortfeasors.
 
 
 3
 The health plans at issue in these cases contained identical subrogation clauses. Section 15 of both Group Master Policies provided:
 
 
 4
 If a covered person receives any medical reimbursement arising out of injury or illness for which the covered person has, may have, or asserts any claim or right to recovery against a third party or parties, then any payment or payments by this plan for such medical reimbursement shall be made on the condition and with the agreement and understanding that the plan will be reimbursed therefor by the covered person from such third party or parties by way of settlement or in satisfaction of any judgment or judgments. As security for the plan's rights to such reimbursement, the plan shall be subrogated to all the claims, demands, actions, and rights of recovery of the covered person against such third party or parties (or his or their insurers) to the extent of any and all payments made hereunder by the plan.
 
 
 5
 Within a few months after each defendant's accident, Enterprise sent the defendant a form reminding him of his contractual duty under the health plan "to reimburse Enterprise Group Planning, Inc. ("EGP") for all hospital and medical expenses paid by EGP on [his] behalf if recovery is made from any third party insurer." The forms, although different in some respects, required the defendants to sign a "subrogation agreement" or "subrogation acknowledgment" assigning Enterprise their rights to recovery from any third parties on account of the accidents. When Enterprise then learned that Stockdale and Stephens had received "medical payment" benefits, it sought reimbursement from those benefits on behalf of the health plan. Both Stockdale and Stephens refused to reimburse the plan, insisting that the plan's subrogation clause only applied if they recovered money "by way of settlement or in satisfaction of any judgment." Enterprise then filed this suit seeking reimbursement.
 
 
 6
 The district courts both ruled in favor of Enterprise, but for different reasons. In Stephen's case, the court relied upon the "subrogation agreement" signed after the accident. It concluded that when Stephens signed that form purporting to assign Enterprise his "right to recovery from any third party as well as any other coverage," that he had assigned Enterprise the right to reimbursement from his "medical payments" benefits. In Stockdale's case, however, the district court looked to the second clause in the health plan's Group Master Policy stating that "[a]s security for the plan's right to such reimbursement, the plan shall be subrogated to all the claims, demands, actions and rights of recovery of the covered person against such third party or parties (or his or their insurers)." The court interpreted that language as broad enough to embrace "medical payment" benefits, even if the plan's right to reimbursement was limited to money received from settlements and judgments. Both Stockdale and Stephens have appealed these decisions, and we now reverse.
 
 
 7
 We first note that Enterprise's interpretation of the plan is subject to de novo review. The plan does not give Enterprise discretion to construe its terms, and therefore, under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), de novo review is appropriate.
 
 
 8
 In these cases, the health plan's reimbursement and subrogation provision, found at Section 15 of both Group Master Policies, must govern. Although the expansive language in the so-called "subrogation agreement" and "subrogation acknowledgment" signed after the accidents would appear to allow Enterprise to recover from the defendants' "medical payment" benefits, the plan offered no consideration for these purported agreements. The health plan was already obligated to pay health benefits to the defendants when it sought their signatures on subrogation agreements substantially broader than the reach of the Group Master Policies. These forms, therefore, cannot serve to broaden Enterprise's subrogation rights as established in the Group Master Policies.
 
 
 9
 Looking to the language of the Group Master Policies, it readily appears that Enterprise cannot properly seek reimbursement from the defendants' "medical payment" benefits. Under Section 15 of the Group Master Policies, the plan is entitled to reimbursement "by the covered person from such third party or parties by way of settlement or in satisfaction of any judgment or judgments " (emphasis added). Clearly, neither defendant received a judgment from a third-party tortfeasor. Moreover, although Enterprise argues that the defendants "settled" with their own automobile insurers by accepting "medical payment" benefits, we do not believe that the term "settlement" incorporates the acceptance of funds to which one is automatically entitled. "Settlement" denotes "an adjustment between persons concerning their dealings or difficulties; an agreement by which parties having disputed matters between them reach or ascertain what is coming from one to the other." Black's Law Dictionary 1231 (5th ed. 1979). Because the defendants did not have to settle claims against their automobile insurers in order to receive their "medical payment" benefits, Enterprise has no basis for seeking reimbursement from those benefits.
 
 
 10
 Enterprise nevertheless argues, as the district court found in Stockdale's case, that the plan's right to subrogation is broader than its right to reimbursement. While the plan's right to reimbursement, as stated in the first clause of Section 15 of the Group Master Policies, is limited to funds collected from third parties "by way of settlement or in satisfaction of any judgment or judgments," the second clause of Section 15 states that
 
 
 11
 [a]s security for the plan's rights to such reimbursement, the plan shall be subrogated to all the claims, demands, actions, and rights of recovery of the covered person against such third party or parties (or his or their insurers) to the extent of any and all payments made hereunder by the plan.
 
 
 12
 The district court in Stockdale's case concluded that this second clause was broad enough to permit the plan to seek reimbursement from "medical payment" benefits, despite the first clause's prerequisite of a settlement or judgment. We observe, however, that the right to subrogation, as expressed in the second clause, exists only "[a]s security for the plan's right to such reimbursement" (emphasis added). Because it is modified by the word "such," the right of subrogation is clearly limited to the same extent as the right of reimbursement. Hence, the plan is only subrogated to recoveries "by way of settlement or in satisfaction of any judgment or judgments."
 
 
 13
 Because the defendants' "medical payment" benefits were not received "by way of settlement or in satisfaction of any judgment," Enterprise is not entitled to reimbursement from those benefits. For this reason, we reverse the judgments of the district courts.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation